Donofrio, J., concurring.
 

 {¶ 18} I concur with the majority's opinion that appellant's conviction was not supported by sufficient evidence. I write separately, however, because I respectfully disagree with that part of the majority's opinion that finds that the radar detection device in question was functioning properly at the time. I concur with the balance of the majority's opinion.
 

 {¶ 19} Butch explained the testing procedure for the radar equipment, i.e., how there is a self-test button and turning forks. Regarding calibration, the following exchange occurred with Sgt. Butch on the stand.
 

 Q: Now, when you go out on traffic enforcement, let's say, specifically as relates to speeding offenses, what is that you use to calibrate speed? How do you determine how fast a vehicle's going?
 

 A: First, you observe the vehicle traveling at what you believe to be an excessive speed. Then you activate the radar. You have an audible tone and a visual display of the target speed.
 

 Q: Now, is there any sort of testing of that device before you start a shift or anything to ensure it's working properly?
 

 A: Yes.
 

 Q: And what is that?
 

 A: The radar itself automatically does an audible test and a display test, and when that's completed, there's a manual test button to press and then the use of tuning forks.
 

 Q: And on this particular day, January 19, 2016, did you perform such performance tests on the radar device that you would have been using that day?
 

 A: I did not use the tuning forks.
 

 Q: Okay. And is there any reason why you would not have used those?
 

 A: I don't recall.
 

 Q: Okay. Do you recall any malfunction with your radar device on that particular day?
 

 A: No, sir.
 

 (Tr. 7-8).
 

 {¶ 20} In the case at bar, the state did not provide evidence that the radar equipment was in working order on the day in question. As can be seen from Sgt. Butch's testimony, set out above, he did not conduct the performance tests necessary to calibrate the radar equipment used. Specifically, Sgt. Butch testified that he "did not use the tuning forks" on that day. In this case, appellant's conviction was based on an unreliable radar reading, and thus the evidence was insufficient to find him guilty of speeding.
 

 {¶ 21} In order for a speed detection device to be properly calibrated, an internal and an external test must be completed to determine that the device was accurate and in working order. See
 
 City of Lyndhurst v. Danvers
 
 , 8th Dist. No. 55537,
 
 1988 WL 124999
 
 (Nov. 23, 1988). In this case, the trial court's statement at the conclusion of the hearing that the radar had been properly tuned was not supported by the evidence. I would find that the evidence on which appellant's conviction was based was legally insufficient for this reason as well as for the reason set forth by the majority.
 

 {¶ 22} I further agree with the majority opinion that evidence, whether by stipulation, judicial notice, or expert testimony, regarding the scientific reliability of speed detection devices is required in order to convict a defendant for speeding. But equally important to evidence of the science being reliable is evidence that the machine at issue, in any prosecution for speeding, must be proven to be properly calibrated and in working order.